IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 1:07-cv-00524-WYD-MJW

**LINDA K. VOTH,**

    Plaintiff,

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**, a Wisconsin Corporation

    Defendant.

_____

**ORDER**
_____

I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Claim for Relief, filed March 30, 2007. Defendant seeks to dismiss Plaintiff's Unfair Claims-Deceptive Practices Act (UCDPA) and Colorado Consumer Protection Act (CCPA) claim which are asserted in the Second Claim for Relief. Specifically, Defendant argues that Plaintiff fails to properly state a claim under the CCPA and cannot state a claim under the UCDPA.

For the reasons stated below, I find merit in Defendant's Motion to Dismiss the Second Claim for Relief. I further find that Plaintiff failed to state a claim under the CCPA because none of the alleged violations of the UCDPA asserted in Plaintiff's complaint constitute a deceptive trade practice within the meaning of the law. Additionally, Plaintiff cannot state a separate claim for alleged violations of the UCDPA

because no private right of action exists under the UCDPA.

II.      ANALYSIS

    A.    Standard of Review

Defendant's motion seeks a dismissal of Plaintiff's Second Claim of Relief, for failure to state a claim under FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss pursuant to 12(b)(6), the standard used to be that the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). Thus, until recently, a dismissal was only warranted where "it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *The Ridge at Red Hawk, L.L.C. v.Schneider*, 2007 WL 1969681 at *3 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"However, the Supreme Court recently decided that 'this observation has earned its retirement,' and it has prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)). "The Court explained that a plaintiff must 'nudge [][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). "Thus, the mere metaphysical possibility

that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.*

    B.    <u>Failure to State a Claim Under the CCPA.</u>

Defendant argues that none of Plaintiff's allegations contained in the Second Claim for Relief of the Complaint constitutes a "deceptive trade practice" within the meaning of the CCPA. Therefore, Plaintiff failed to properly plead a claim for relief under the Act. In response, Plaintiff argues that Colorado appellate case authority provides a legal basis for the claim to survive a motion to dismiss. Also, Plaintiff argues that Defendant's arguments are nit-picking procedural arguments and that Defendant's Motion violates D.C.COLO.LCivR 7.1(A). In its Reply, Defendant reasserts some of the initial arguments and further notes that there is no violation of the Local Rules because the filing of a motion to dismiss is excepted from the meet and confer requirements. I agree with Defendant's arguments.

The CCPA is a remedial statute intended to deter and punish deceptive trade practices committed by businesses in dealing with the public. *Showpiece Homes Corp. v. Assurance Co. of America*, 38 P.3d 47, 51 (Colo. 2001). A claim asserted under the CCPA requires, at a minimum, that defendant commit a "deceptive trade practice which causes the plaintiff damages. C.R.S.§ 6-1-113(1). Thus, a plaintiff must plead a specific violation of the CCPA in order for a claim to be cognizable under the Act. In order to prove a private cause of action under the CCPA, a plaintiff must make a showing that: 1) defendant engaged in an unfair or deceptive trade practice; 2) the

challenged practice occurred in the course of the defendant's business, vocation, or occupation; 3) the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods services, or property; 4) the plaintiff suffered injury in fact to a legally protected interest; and 5) the challenged practice caused the plaintiff's injury. *Hall v. Walter*, 969 P.2d 224 (Colo. 1998).

Alternatively, the UCDPA regulates unfair or deceptive trade practices in the insurance industry. *Showpiece*, 38 P.3d at 50. The CCPA and the UCDPA are separate and distinct Acts, and thus, are not synonymous or interchangeable. It has been established that no private right of action may be maintained under the UCDPA, although the UCDPA does not preclude a private cause of action under the CCPA. *Id.* at 51. The UCDPA regulates the insurance industry while the CCPA provides relief to consumers. *Id.* at 52.

Plaintiff cites *Colburn v. Ace Property and Casualty Company and ESIS, Inc.*, 2005 WL 3547331 (Colo. App. 2005) (04CA1680)(Unpublished Opinion attached as Plaintiff's Exhibit B), in support of her Second Claim for Relief under the UCDPA & CCPA. In *Colburn*, the trial court dismissed Colburn's CCPA claim because the original complaint contained no allegation of public impact. *Id.* at 5. The *Colburn* court reversed the trial court's denial of the plaintiff's request to amend his original complaint after determining that the plaintiff's amended complaint contained a sufficient allegation of "public impact." *Id.* at 6. The Court in *Colburn* did not address the UCDPA's "unfair methods of competition and unfair or deceptive acts" as a way to satisfy the CCPA's "deceptive trade practice" requirement. The Court briefly discussed a lack of authority

4

to support a "heightened pleading requirement" however, this mention was only in reference to the trial court's error in denying Colburn's request to amend his original complaint. *Id.* at 6.

Applying these legal principles to the allegations of the Second Claim for Relief, it is clear that Plaintiff asserts alleged violations of the UCDPA as the sole basis for the commission of deceptive trade practices within the meaning of the CCPA. Such assertions do not give rise to a cause of action under CCPA because there is no private right of action under the UCDPA and Plaintiff does not assert any other specific facts or allegations in support of a CCPA claim. Therefore, I find that Defendant's Motion to Dismiss Plaintiff's Second Claim for Relief should be granted.

C.  Compliance with D.C.COLO.LCivR 7.1

By its terms D.C.COLO.LCivR 7.1(A) excepts from the meet and confer requirements a motion filed under Fed.R.Civ.P. 12. Since Defendant's Motion is a Rule12(b)(6) motion, it can be filed without conferring with opposing counsel to resolve the matter in dispute. Counsel for Plaintiff is directed to read the text of the court's Local Rules before alleging a violation of a rule that does not exist.

III. CONCLUSION

For the reasons noted above, I find that Defendant's Motion to Dismiss (Docket # 6) filed on March 20, 2007, is **GRANTED**. It is

Further Ordered that the Second Claim for Relief entitled Unfair Claims Practices Act and Colorado Consumer Protection Act is hereby **DISMISSED**.

Dated: February 14, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge